E-FILED
Thursday, 26 October, 2017 02:36:03 PM
Clerk, U.S. District Court, ILCD

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF ILLINOIS
### PEORIA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 16-cr-10024 |
| | ) | |
| TEQUILA J. GUNN, | ) | |
| | ) | |
| Defendant. | ) | |

# ORDER AND OPINION

This matter is before the Court on Tequila J. Gunn's "Motion Under 60(b)(1) Requesting Minor Role" (Doc. 31). For the reasons stated below the motion is DENIED without the input of the Government.

On January 9, 2017, Ms. Gunn entered into a plea agreement (Doc. 21) in which she agreed she was guilty of violating 21 U.S.C. § 841(a)(1) and (b)(1)(C) by possessing cocaine base (crack) with intent to distribute and of violating 18 U.S.C. § 924(c) for possessing a firearm in furtherance of a drug trafficking crime; Counts I and II of the Indictment (Doc. 12), respectively. Judgment (Doc. 27) was entered against her on April 20, 2017 and she was sentenced to thirty-six months imprisonment for Count I and 60 consecutive months on Count II. Her plea agreement did not contain any waiver of appeal or collateral relief. Nevertheless, instead of directly appealing her sentence or filing a 2255 motion, Ms. Gunn now

1

purports to move the Court to reduce her criminal sentence for Count I pursuant to Federal Rule of Civil Procedure 60(b)(1). Such an attempt is invalid on its face.

Rule 60(b)(1) is a civil rule of procedure and thus has no application to criminal matters. Indeed, Federal Rule of Criminal Procedure 35(a) is the criminal rule of procedure equivalent to Rule 60(b)(1) and thus should have been the authority under which Ms. Gunn sought relief. Rule 35(a) allows for the reduction or correction of a sentence for clear error of the arithmetical or technical sort—mistakes of inadvertence—but one must avail themselves of this rule within fourteen days of the sentencing. Ms. Gunn has sat on her hands for over several months post sentencing and thus cannot make use of Rule 35(a).

Ms. Gunn is asking for a two point deduction to her total offense level for a minor role adjustment for her conviction under Count I and she says she was sentenced subsequent to the United States Sentencing Commission's issuance of Amendment 794[1]. But this is not correct because Ms. Gunn was sentenced in 2017, well after the issuance of Amendment 794 and thus the amendment was in effect at the time of her sentencing. Thus, if Ms. Gunn is contending the Court should resentence her under the Guidelines incorporating Amendment 794, then such an argument is without merit because she was sentenced under the 2016 Guidelines

---

[1] Amendment 794 changed the application of U.S.S.G. § 3B1.2 by changing the commentary therein to clarify what courts should consider when determining whether a particular defendant qualifies for a 2 to 4 point minor role reduction adjustment.

which incorporated Amendment 794. *See* U.S.S.G. § 3B1.2 Historical Note available at https://www.ussc.gov/guidelines/2016-guidelines-manual/2016-chapter-3#NaN.

If she is actually making a substantive argument that the Court erred in not giving her a reduction for a minor role then she must take appropriate appellate or collateral action, not file a motion pursuant to Federal Rule of Civil Procedure 60. Moreover, she will have to contend with the fact that there is no indication that she or her counsel ever asked the Court for a minor role adjustment, nor is there record of an objection lodged against the presentence investigation report.

Lastly, Ms. Gunn briefly discusses successive 2255 motions in her motion but there is no indication that she ever filed an original 2255 motion and this Court will not, on its own initiative, convert this motion into a 2255 motion.

In short, Mr. Gunn, a convicted federal prisoner, cannot seek a reduction to her sentence pursuant to Federal Rule of Civil Procedure 60(b)(1) on the grounds that she was improperly denied a minor role adjustment because allowing her to proceed in that fashion would ignore established appellate and collateral procedures.

For all these reasons stated above, the "Motion Under 60(b)(1) Requesting Minor Role" (Doc. 31) is DENIED. So Ordered.

Entered this 25th day of October, 2015.

                                                  s/ Joe B. McDade
                                                  JOE BILLY McDADE
                                        United States Senior District Judge